In re NEW CENTURY MORTGAGE
CORP. PRESCREENING
LITIGATION

Mary Forrest v. New Century Mortgage
Corp., C.D. California, C.A. No.
2:06-3951

Pamela Phillips v. New Century Fi-
nancial Corp., et al., C.D. Cali-
fornia, C.A. No. 8:05-692

Perrie Bonner, et al. v. Home123
Corp., et al., N.D. Indiana,
C.A. No. 2:05-146

No. MDL 1813.

Judicial Panel on Multidistrict Litigation.

Feb. 7, 2007.

Before WM. TERRELL HODGES,*
Chairman, D. LOWELL JENSEN,* J.
FREDERICK MOTZ, ROBERT L.
MILLER, Jr., KATHRYN H. VRATIL,
DAVID R. HANSEN and ANTHONY J.
SCIRICA, Judges of the Panel.

## ORDER DENYING TRANSFER

J. FREDERICK MOTZ, Acting
Chairman.

This litigation currently consists of one
action in the Northern District of Indiana
and two actions in the Central District of
California. Plaintiffs in the Northern Dis-
trict of Indiana action (*Bonner*) move the
Panel, pursuant to 28 U.S.C. § 1407, for an
order centralizing this litigation in the
Northern District of Indiana. Moving
plaintiffs have also moved to withdraw the
motion for centralization, asserting that
they have reached an agreement with
plaintiff in the Central District of Califor-
nia *Phillips* action that negates their need
for transfer. Defendants[1] oppose the mo-
tion to withdraw and request centralization
in the Northern District of Indiana. Plain-
tiff in the other Central District of Califor-
nia action (*Forrest*) opposes centralization.
Plaintiff in *Phillips* also opposes centrali-
zation, but contends that the Central Dis-
trict of California would be an appropriate
transferee district, if the Panel deems cen-
tralization proper.

---

* Judges Hodges and Jensen took no part in the
decision of this matter.

1. New Century Financial Corp.; New Century
Mortgage Corp.; and Home123 Corp.

On the basis of the papers filed and hearing session held (without oral argument), the Panel finds that Section 1407 centralization would neither serve the convenience of the parties and witnesses nor further the just and efficient conduct of this litigation. In this docket containing just three actions pending in two districts, which were originally filed over a year ago, the proponents of centralization have failed to persuade us that any common questions of fact and law are sufficiently complex and/or numerous to justify Section 1407 transfer in this docket at this time. Alternatives to transfer exist that can minimize whatever possibilities there might be of duplicative discovery and/or inconsistent pretrial rulings. *See, e.g., In re Eli Lilly and Company (Cephalexin Monohydrate) Patent Litigation,* 446 F.Supp. 242, 244 (Jud.Pan.Mult.Lit.1978); *see also Manual for Complex Litigation, Fourth,* § 20.14 (2004).

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these three actions is denied.

IT IS FURTHER ORDERED that the motion of the *Bonner* plaintiffs to withdraw the Section 1407 motion is denied as moot.